In THE Court of Criminal Appeals
of Texas

48,837-05
MOTION DENIED
DATE: 3-19-15
BY: PC

EXPARTE

Alfred Henderson
Applicant

§
§
§
§
§
§
§
§

IN THE 177th District
Court of Harris County
TEXAS

CASE No. 1286281 - A

Applicants Nunc Pro Tunc Motion
to Correct INACCURACIES IN trial Courts
Statement of facts And Time Credits

To the Honorable Judges of said Court of Appeals,
Now Comes Alfred Henderson Applicant, Pro-se
seeks to move this court pursuant to Texas
Rules of Appellate Procedure Rule 23., 23.1 to
Correct the trial Courts INACCURACIES in its
finding of fact and trial Records presented to
this court of APPEAL. In Support of Applicant
will show the following:

## I
### Preliminary Statement

ON November 28, 2012 Applicant ENTered into a
PLEA bargain Agreement with the State, whereby
Applicant Agreed to a lesser punishment of the
Charge of Robbery And waived his rights to
confront witnesses And right to a Jury trial

(1)

IN EXCHANGE for the promish and Plea Agreement that the SENTENCE would be ASSESSED At two years with credit for All time Confined in Jail. The trial court Agreed to the Plea Agreement. However the trial court has not given Applicant time Credit for time Applicant was Confined At Rusk STATE Hospital In Regards to this CONVICTION. Applicant did not file A Appeal in this case. INSTEAD filed an writ of habeas Corpus that was filed on December 28, 2012. After About twenty Six delay on January 15, 2015 the trial court fininally made A finding of fact and Conclusion of Law. Applicant received those papers on January 23, 2015. Applicant contends that because he was not given an fair Opportunity to rebuttal the STATE proposed finding of facts and because of the many INACCURACIES in the trial Courts finding of facts Applicant submitts this motion.

## II

### INACCURACIES of trial courts finding of facts

Applicant admitts that facts STATED in Number 1-4 of the trial court findings Are truk however 5, 6, 8 and 14 are clearly wrong and not . . .

(2)

ACCURATE FOR the REASON SEt forth herein. SEE Exhibit (A) Attached to the Appendix of this Motion AND STATES oRiginal Answer AND Exhibits.

(A)
DATE Applicant Sentence Began

Applicant Contends AND points out that At No.5. of the courts finding of fret STATES: "THAT Applicant SENTence began on JANUARY 2, 2011 is clearly wrong AND INACCURATE. Here Applicant Contends AND points out that the trial Courts Conviction AND Judgment Record And Document. see Exhibit (A) clearly demonstrates that Applicant two year Sentence WAS Imposed on November 28, 2012 AND Commence AND or Started on November 28, 2012

For these REASON presented above the trial court AND the Affidavit of Charley Valdez are NOT of truth AND INCORRECT AND have AN INACCURATE, Effect AND out Come of this case.

(B)
DATE Applicant Discharged the two year Sentence

Applicant Contends AND points out At No. 8 of the courts finding of fret the court falsely purports that Applicant discharged the two year Sentence on JANUARY 1, 2013.

(3)

It is clear by this Record before this Appeal court that once again in a Affidavit submitted by Charley Valdez of the Texas Department of Criminial Justice has presented false evidence and testimony before the trial court. Because it is clear by the trial courts conviction and Judgment Record and papers. that clearly show that November 28, 2012 is where Applicant 2 year sentence started and ended on Nov.28 2012 Accordingly to the plea bargain Agreement Please see Exhibit (A).

Applicant contends that this fact is important because it was the ulitimate factor in regards to Making the plea Agreement with the State because without this Agreement of time served Applicant would have not Pleaded guilty and proceeded to trial.

In Addition Applicant contends that At No. 6 of the trial courts finding of fact the trial court states: that Applicant received a total of 698 days of time credit toward his sentence. Applicant argues that this fact is wrong and not accurate as to all the days Applicant was confined and in custody in regards to the two year sentence.

(4)

The trial courts exhibit of the Applicants conviction and judgment show that from November 22, 2010 to September 26, 2011 (310 days) and from November 7, 2011 to November 28, 2012 388 days a total of 698 days see state's writ Exhibit (B).

However and of the contrary this court does not credit Applicant with time confined at Rusk Hospital from Sept. 26, 2011 to Nov. 7 2011 a total of 38 days. that applicant was require to receive by statute laws in Texas. For these reasons the trial courts finding of facts are inaccurate and has cause a wrongful act come in this case.

## III.

### Collatral Consequences

Here Applicants points out that at Number 14 of the trial courts finding of facts this court concluded that Applicant has failed to show that he has suffered any collateral consequences.

However Applicant contends that because the trial court did not conduct a evidentiary hearing or give the Applicant an opportunity to rebuttal the state proposed finding of facts was not fair whereby Applicant can demonstrate with competent evidence that...

Clearly demonstrate collateral consequences from this breach and broken promise of this 2 year time serve Plea Agreement and that be:

(1) BECAUSE of the Broken Plea Agreement Applicant was denied a timely REVOCATION hearing in which Applicant had the opportunity to disclose video Evidence that clearly show that Applicant never assaulted the Complaintant as alleged in the indictment And Information provided to the Grand Jury such Evidence was mitigating to Parole Revocation hearing and considerations

(2). As a direct result of this two year sentence that was unlawful because of the Broken Plea Argeement in May of 2013 Applicant was given a two year set off by the Parole Board.

(3). As a direct result of this unlawful 2year conviction Applicant sentences in Cause Numbers. 677968 And 676249 both 25 year Sentences that began on Nov. 2 1993 and should have been discharged on November 2, 2018 have been Extended to October of 2020 as a collateral consequence of a unlawful 2year sentence mention above.

(6)

(4) Applicant further contends that as a direct result of the unlawful conviction applicant continue to suffer with the extended loss of his rights to vote, to bear arms, to live in community of his chose, employable rights to certain jobs. For these reasons Applicant has suffered and still suffer collateral consequences.

## IV

### As to the fact of Jurisdiction

Applicant argues and points out that this court has jurisdiction and trial court had jurisdiction because Applicant was confined and in custody where he initially filed his state writ of Habeas Corpus Art. 11.07 TCCP. In light of Maleng v. Cook 109 SCT. At 1927. This court holding was limited to the narrow issue of custody for Subject Matter Jurisdiction. This court pointed out " we have interpreted the statutory language as requiring that the habeas petitioner be in custody under the conviction or sentence under attack at the time his petition is filed. See Carafas v Lavllee 88 SCT 1556. In this case the court of appeals held that a habeas petitioner may be in custody under a conviction whose sentence has fully expired at the time his petition is ...

filed simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language in custody too far... See Jones v. Cunningham 83 SCT. 373

# V

## Conclusions

In concluding Applicant states that because of the inaccuracies in the trial courts statements of facts and the failure to credit Applicant with all the time he has been in custody and confine to the two year sentence unlawfully impose, he has been denied a fair trial and unlawful sentence impose. For these reason the Judgment and Conviction should Arrested and Set aside and Order the Specific Performance of the Plea Agreement that was Agreed to by the parties and Accept by the trial court. Therefore the grounds set forth in this motion the court should Remand this case back to trial court to correct the inaccurate findings of facts and Order an Evidentiary Hearing

There fore Applicant pray, that this Court will grant this motion in all things and order the Appropriate relief. So it is prayed.

Respectfully Submitted

/S/ Alfred Henderson
Alfred Henderson
TDCJ No. 714885

<u>Certification of Service</u>

I, Alfred Henderson do hereby declare that a true and correct copy of Applicant Nunc Pro Tunc Motion has been served by placing the same in a U.S. mail box executed on this _14_ day of Fred. 2015 Address to clerk of court listed below:

/S/ Alfred Henderson
Alfred Henderson
TDCJ No. 714885
CC Terrell Unit
1300 F.M. 655
Rosharon Texas 77583

Pro-Se

<u>Abel Acosta, Clerk</u>
Court of Criminal Appeals
P.O Box 12308 Capitol Station
Austin Texas 78711

<u>Eva Flores</u>
Assist. District Attorney
Harris County Texas
1201 Franklin 6th Floor
Houston, Texas 77002

(9)

Case No. 1286281 - A

Exparte

Alfred Henderson

# Exhibit (A)



| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | § | IN THE 177TH DISTRICT | |
| | § | | |
| V. | § | COURT | |
| | § | | |
| HENDERSON, ALFRED | § | HARRIS COUNTY, TEXAS | |
| | § | | |
| STATE ID NO.: TX03622224 | § | | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. RYAN PATRICK | Date Judgment Entered: | 11/28/2012 |
|---|---|---|---|
| Attorney for State: | ADAM MULDROW | Attorney for Defendant: | DAVIA, LATREECIA |

Offense for which Defendant Convicted:
**ROBBERY-BODILY INJURY**

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | N/A |

Date of Offense:
**11/21/2010**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| 2ND DEGREE FELONY | GUILTY | N/A |

Terms of Plea Bargain:
**2 YEARS TDC**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | **11/28/2012** | Date Sentence to Commence: | **11/28/2012** |
|---|---|---|---|

| Punishment and Place of Confinement: | **2 YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ N/A | $ 244.00 | $ N/A | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | From | 11/21/2010 | to | 9/26/2011 | From | | to | |
| Time Credited: | From | 11/7/2011 | to | 11/28/2012 | From | | to | |
| | From | | to | | From | | to | |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS     NOTES: N/A**

<div style="float:right; font-style:italic">RECORDER'S MEMORANDUM<br>This instrument is of poor quality<br>at the time of imaging</div>

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Harris County, Texas.** The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea in~~~~

The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally c~~~~

stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court receive~~~~

STATE'S
EXHIBIT
D

ntered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ Confinement in State Jail or Institutional Division. The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ County Jail—Confinement / Confinement in Lieu of Payment. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to commence. Defendant shall be confined in the Harris County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ Fine Only Payment. The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Harris County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.

---

**Signed and entered on November 28, 2012**

X _____
**RYAN PATRICK**
JUDGE PRESIDING

Notice of Appeal Filed:

Mandate Received:                    Type of Mandate:

After Mandate Received, Sentence to Begin Date is:

Jail Credit:

Def. Received on              at        ☐ AM ☐ PM

By:                    , Deputy Sheriff of Harris County

Right Thumbprint

Clerk: A VAUGHN
Case Number: **128628101010**
Defendant: **HENDERSON, ALFRED**

FIN (CAS 20.10):        EN/KR04:         /LCBT:         /LCBU:         EN/KR18:     / 1989